UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA KRUGER, | CASE NO. C10-1374-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| CREDIT INTERNATIONAL CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Enforce Settlement Agreement. Dkt. No. 29. For the reasons set forth below, Plaintiff's motion is GRANTED.

## II. BACKGROUND

Plaintiff Amanda Kruger brought suit against defendant Credit International Corporation for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227. Dkt. No. 1. On November 1, 2011, the parties notified the Court that they had reached a settlement, whereupon the action was

dismissed with prejudice and without costs to either party. *See* Dkt. No. 22. The Court notified the parties that "[i]n the event that the settlement if [sic] not perfected, any party may move to reopen the case, provided that such motion is filed within thirty (30) days of the date of this order." *Id.*

Thirty days later, on December 1, 2011, Plaintiff moved to reopen the case for the sole purpose of determining the unresolved issue of the amount of reasonable attorneys' fees and costs to be awarded Plaintiff. Dkt. No. 23. Defendant opposed the motion to reopen on the basis that the Plaintiff had, at that time, failed to provide Defendant with a signed copy of the settlement agreement. Dkt. No. 24. Plaintiff replied that the parties, having agreed to the essential terms of the settlement agreement, were bound by their oral agreement. Dkt. No. 26. Shortly thereafter, Defendant joined Plaintiff's motion to reopen the case and requested that new deadlines and a trial date be set, because Defendant had withdrawn its settlement offer. Dkt. No. 27. The Court granted Plaintiff's motion to reopen for determination of reasonable attorneys' fees and costs. Dkt. No. 28. However, the Court did not make any rulings as to the either party's claims regarding the validity of the settlement agreement.

Plaintiff now comes before the Court seeking enforcement of the settlement agreement. Dkt. No. 29. Plaintiff claims that the parties created a binding settlement agreement on September 8, 2011, when the attorneys for the parties exchanged a series of email messages confirming agreement on terms of the settlement. Plaintiff contends that a valid settlement agreement was created when Ms. Kimberlee Walker Olsen, attorney for Defendant, wrote to Mr. Marshall Meyers, attorney for Plaintiff, the following: "Thank you for your patience, I was finally able to get confirmation today from the client that we have a deal. I can prepare a draft settlement for your review in the morning." Dkt. No. 26, Ex. 1.

1    On September 16, 2011, following the email exchange, Defendant's attorney sent
2    Plaintiff's attorney a draft document of the settlement agreement ("Settlement Document"). Dkt.
3    No. 25, Ex. 1. On December 19, 2011, Defendant, having not received a signed Settlement
4    Document or heard from Plaintiff, withdrew the Settlement Document and joined Plaintiff's
5    motion to reopen the case. Dkt. No. 29, Ex. 1; Dkt. No. 27.

6    In response, Plaintiff seeks to enforce the settlement agreement claiming that the email
7    exchange of September 8, 2011, created a binding agreement. Dkt. No. 29. Furthermore, Plaintiff
8    claims that the Settlement Document was executed by Plaintiff on December 14, 2011, five days
9    before Defendant withdrew the Settlement Document. Dkt. No. 31, Ex. 1. Plaintiff contends that
10   the Settlement Document had been signed by the Plaintiff on December 14, 2011, but had not
11   been mailed to Plaintiff's attorney until January 2, 2012, because the Plaintiff could not afford
12   stamps. Dkt. No. 34, Ex. 3.

13   Defendant argues that a valid settlement agreement was never created because (1) the
14   original Settlement Document was an offer and was withdrawn, (2) there is a dispute regarding
15   the essential terms of the settlement agreement, and (3) there is a question as to the validity of
16   Plaintiff's signature on the executed document. Dkt. No. 31.

17   **A. Standard of Review**

18   It is well established that a trial court has inherent authority to enforce a settlement
19   agreement in an action pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957
20   (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  Before enforcing a settlement
21   agreement, the trial court must conclude that no material terms are in dispute and that the
22   agreement was not procured by fraud. *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957.

23   If no material facts are in dispute, a court may enforce the settlement agreement when the
24   agreement is complete, *Callie*, 829 F.2d at 890, and both parties have either agreed to the terms

1   of the settlement or authorized their respective counsel to settle the dispute, *see Harrop v. W.*

2   *Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977). A party's attorney may bind his or her

3   client to a settlement agreement if he or she has the express permission of the client. *Id.* at 1145.

4        Settlement agreements are contracts which a federal court interprets by looking to the

5   contract law of the state in which it sits. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990).

6   Under Washington law, a contract is binding "when the intention of the parties is plain and the

7   terms of the contract are agreed upon even if one or both parties contemplated later execution of

8   a writing." *Veith v. Xterra Wetsuits, LLC*, 144 Wash. App. 362, 366 (Wash. Ct. App. 2008)

9   (citing *Stottlemyre v. Reed*, 35 Wash. App. 169, 171 (Wash. Ct. App. 1983)). A contract requires

10  offer, acceptance, and consideration. *Id.* Acceptance is an "expression (communicated by word,

11  sign, or writing to the person making the offer) of the intention to be bound by the offer's terms."

12  *Id.*

13       Upon a motion to enforce a settlement agreement the moving party bears the burden to

14  prove that the agreement existed. *Andreyev v. First Nat'l Bank of Omaha*, 313 B.R. 302, 305

15  (B.A.P. 9th Cir. 2004).

16  **B.  Plaintiff's Motion to Enforce Settlement Agreement**

17       Plaintiff contends that a binding settlement agreement was created on September 8, 2011,

18  when Defendant accepted the terms of Plaintiff's settlement offer. Dkt. No. 1. The Court agrees.

19       On August 12, 2011, Defendant's attorney, Ms. Olson, sent an email offer of settlement

20  to Plaintiff's attorney, Mr. Meyers. The terms of the offer were as follows:

21       Offer pursuant to FRE 408

22       Marshall,

23       CIC renews its offers to settle for waiver of the debt plus reasonable attorneys
         [sic] fees and costs as determined by the court; it would stipulate that Kruger be

24

1   considered the prevailing party only for purposes of determining reasonable fees
2   and costs, and not as any admission of wrongdoing.

3   Dkt. No. 26, Ex. 1. On August 30, 2011, Mr. Meyers responded via email that the offer

4   was acceptable but Mr. Meyers included additional terms:

5   That would be fine, but there needs to either be an offer of judgment, or, a release
    as to the debt and underlying claim, along with a stipulation and order advising
6   the Court of this partial settlement, that the parties are bifurcating the fee issue,
    and that the Court retains jurisdiction to award fees and costs.

7   *Id.*

8   A reply to an offer that purports to accept the offer but is conditional upon the acceptance

9   of additional or other terms is not an acceptance at all; rather, it is a counteroffer. *Sea-Van Inv.*

10  *Assoc. v. Hamilton*, 125 Wash. 2d 120, 126 (Wash. 1994); Restatement (Second) of Contracts

11  §59 (1981). Thus, Plaintiff's email response acted only as a counteroffer because Plaintiff's

12  acceptance was conditional upon Defendant's inclusion of an offer of judgment or a release of

13  the debt.

14  Defendant's response, however, created a binding contract when Defendant

15  unequivocally accepted Plaintiff's counteroffer:

16  Thank you for your patience, I was finally able to get confirmation today from the
    client that we have a deal.
17

18  Dkt. No. 26, Ex. 1. Acceptance of an offer creates a binding contract when the offeree

19  expresses an intention to be bound by the offer's terms. *Veith*, 144 Wash. App. at 366. Thus,

20  Defendant's acceptance of Plaintiff's counteroffer created a binding contract between the parties

21  on September 8, 2011.

22  Defendant contends that a contract was not formed because the Settlement Draft was

23  actually the final offer to the Plaintiff and Defendant withdrew its offer, the Settlement Draft,

24  before Defendant received a signed copy of the document. Dkt. No. 30.  As discussed above, a

ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 5

binding settlement agreement was formed on September 8, 2011, via Defendant's email acceptance of Plaintiff's counteroffer.

Furthermore, counter to Defendant's contentions, a written contract is not necessary for the parties to be bound by their promises in this situation. A written contract is not necessary when the parties have agreed to the material terms of the contract and have expressed mutual assent to be bound. *Stottlemyre v. Reed*, 35 Wash. App. 169, 171 (Wash. Ct. App. 1983); Restatement (Second) of Contracts § 27. In this case, the draft of the contract that Defendant proposed on September 8, 2011, was nothing more than a memorialization of the agreement of the parties.  Furthermore, the parties originally contemplated that the settlement documents would be completed after the settlement agreement had been formed, "Defendant will prepare and forward . . . **within seven (7) days of acceptance** all proposed settlement documents." Dkt. No. 23, Ex. 5 (emphasis in the original). Therefore, a written contract was not necessary because the contract was contemplated by both parties and formed upon Defendant's email acceptance.

Additionally, Defendant claims that an evidentiary hearing is required and that no contract was formed because the material terms are in dispute. Dkt. No. 30.  Defendant claims that there was no agreement as to the payment of settlement funds. *Id.*  This argument is without merit because the emails between the parties, and Defendant's Settlement Draft, show that the parties specifically negotiated that the Defendant would "satisfy the state court judgment." Dkt. No. 31, Ex. 1 at 3. Plaintiff's email offer of August 30, 2011, specifically references "an offer of judgment." Dkt. No. 26, Ex. 1 at 4.  Furthermore, Defendant's own email correspondence of July 7, 2011, shows that Defendant understood that a term of the negotiations was that Defendant would satisfy "the judgment against Ms. Kruger." Dkt. 23, Ex. 7.  Therefore, the Court finds that there are no material terms in dispute and that an evidentiary hearing is not necessary.

1    Finally, Defendant claims that a written contract was required because without it

2    Defendant did not receive its benefit of the bargain by being released from all future liability.

3    Dkt. No. 25. However, this argument fails for two reasons. First, the release was originally

4    contemplated by the parties. Plaintiff's original settlement offer dated November 2, 2010, stated

5    "Settlement . . . will be conditioned upon the following **additional material terms**, all of which

6    must be incorporated into a *release*." Dkt. No. 23, Ex. 5 at 2 (bold in the original, italics added).

7    Therefore, this was a material term that was contemplated by the parties and included in the

8    settlement agreement created on September 8, 2011. Second, whether Defendant received the

9    benefit of the bargain is a breach of contract argument, and has no bearing on whether a contract

10   was formed in the first instance. *See Friebe v. Supancheck*, 98 Wash. App. 260, 269 (Wash. Ct.

11   App. 1999) (stating that benefit of the bargain is a measure of damages for a breach of contract);

12   *Kirk v. Mt. Airy Ins. Co.*, 134 Wash. 2d 558, 564 (Wash. 1998) (stating that insured did not

13   receive its benefit of the bargain because insurance company breached their contract). For these

14   reasons Plaintiff's motion to enforce the settlement agreement is GRANTED.

15   **C.  Plaintiff's Motion for Sanctions and Attorneys' Fees and Costs**

16       Plaintiff requests that Defendant be sanctioned and that Plaintiff receive attorneys' fees

17   and costs under 28 U.S.C. § 1927. Dkt. No. 34.  28 U.S.C. § 1927 allows a court to order an

18   attorney to personally pay attorneys' fees and costs, thereby imposing a sanction, when the

19   attorney unreasonably and vexatiously multiplies the proceedings in a case.

20       The Court declines to impose any sanction under 29 U.S.C. § 1927 in this case for two

21   reasons.[1]  First, Defendant's conduct was not wholly vexatious, unreasonable, nor made in bad

22

23   _____

24   [1] However, the Court's ruling does not prevent Plaintiff from asserting for attorneys' fees and
     costs under the terms of the settlement agreement.

ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT - 7

1 │ faith. Defendant had a legitimate complaint that notification of the completed written document

2 │ was not made in a timely manner.

3 │    Second, Plaintiff's hands are not clean. The current dispute could have been avoided if

4 │ Plaintiff had either provided timely notice of the completed document or kept defense counsel

5 │ advised of the document's status.  Plaintiff did neither. Therefore, Plaintiff's request for

6 │ sanctions under 28 U.S.C. § 1927 is DENIED.

7 │                                **III. CONCLUSION**

8 │    Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

9 │ and the remainder of the record, the Court hereby finds and ORDERS:

10 │    (1)  Plaintiff's Motion to Enforce Settlement Agreement, (Dkt. # 29), is GRANTED, as

11 │         set out above.

12 │    (2)  Plaintiff's Request for Sanctions under 28 U.S.C. § 1927, (Dkt. # 29), is DENIED.

13 │    (3)  The Clerk is directed to forward a copy of this Order to plaintiff and to all counsel

14 │         of record.

15 │

16 │    Dated April 30, 2012.

17 │

18 │

19 │

20 │                              RICARDO S. MARTINEZ

21 │                              UNITED STATES DISTRICT JUDGE

22 │

23 │

24 │